599 P.2d 273 (1979)
In re the Marriage of Margaret A. TRICAMO, Appellant, and
Stephen S. Tricamo, Appellee.
No. 78-1154.
Colorado Court of Appeals, Div. I.
May 31, 1979.
Rehearing Denied June 21, 1979.
*274 Michael F. Morrissey, Denver, for appellant.
Brownstein, Hyatt, Farber & Madden, Mark F. Leonard, Denver, for appellee.
STERNBERG, Judge.
The court entered a decree dissolving the 10-year marriage of the parties. Both parties requested custody of five children involved in the marriage. Custody of the two elder children, both of whom were the issue of a previous marriage of the wife and had been adopted by the husband, was awarded to the wife. Custody of the two younger children, who were the issue of the marriage of the parties, was given to the husband. The middle child, a 10-year old girl, is the natural child of the wife, not of the husband, and had not been adopted by him. The location of the natural father was unknown. The court awarded custody of this child to the husband, and it is this action that raises the sole issue in this appeal.
The wife does not contest the husband's fitness as a custodial parent, the applicability of any presumption relating thereto, nor does she contend that the best interests of the child are not being served by this award of custody. She stipulates that the only question in this appeal is whether the trial court had authority under the Uniform Dissolution of Marriage Act to award custody of a natural child of one spouse to the other spouse who is neither a natural, nor adoptive, parent of that child. We hold that the court had such authority and therefore affirm the judgment.
Section 14-10-123(1), C.R.S.1973, provides:
"A child custody proceeding is commenced in the district court or as otherwise provided by law:
(a) By a parent:
(I) By filing a petition for dissolution or legal separation . . ..
(c) By a person other than a parent who has had physical custody of a child for a period of six months or more . . .."
Here, the mother filed a petition for dissolution in which she sought custody of the five children. The husband's response requested custody. We conclude, as did the trial court, that while the filing of the wife's petition alone may not have vested authority in the court over the child in question, nevertheless, the husband's response did so under subparagraph (c) above. The husband, while neither the natural nor adoptive parent, had the physical custody of this child, jointly with the wife, for a number of years.
Moreover, a similar conclusion is reached by application of the Uniform Child Custody Act, § 14-13-101 et seq., C.R.S.1973. In the definition section of that Act, § 14-13-103(1), C.R.S.1973, the term "contestant" is defined as "a person, including a parent, who claims a right to custody . . . with respect to a child." And, in § 14-13-104, C.R.S.1973, the General Assembly has given the courts of this state broad jurisdiction in child custody matters including the type of situation present here.
Finally, although Root v. Allen, 151 Colo. 311, 377 P.2d 117 (1962), decided under the previous statute is not necessarily dispositive, nevertheless, it is strongly persuasive authority for the result reached here.
Judgment affirmed.
COYTE and VAN CISE, JJ., concur.